IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDWARD LYNN RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-066-M-BR |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS CIVIL RIGHTS COMPLAINT**

Before the Court is Plaintiff Edward Lynn Russell's Amended Complaint against the Defendants: the State of Texas and Ken Paxton, as well as Plaintiff's Motion for Summary Judgment. (*See* ECF 15, 11). Plaintiff is proceeding *pro se*, and was granted permission to proceed *in forma pauperis*. (ECF 6). For the reasons stated herein, the undersigned recommends that Plaintiff's Amended Complaint be dismissed and the Motion for Summary Judgment be denied.

## I.   STANDARD OF REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a

## II.     ANALYSIS

*Factual Background*

On October 12, 2011, Plaintiff was convicted of eleven counts of violating a civil commitment order after being adjudicated a sexually violent predator in violation of the Texas Health and Safety Code sections 841.085 and 841.082 and sentenced to twenty years' incarceration on each count to run concurrently. *See State v. Russell*, No. 1254067R; *see also* ECF 3 at 2. In 2014, Plaintiff brought suit challenging his convictions as unconstitutionally vague in habeas proceedings in the Northern District of Texas, Fort Worth Division, in case number 4:14-CV-792-Y. (*See* ECF 3 at 2–3). As a result, some counts of Plaintiff's conviction were vacated, and Plaintiff remains convicted and incarcerated on three of the eleven original counts. *See Russell v. Stephens, Director TDCJ-CID*, No. 4:14-CV-792-Y (N.D. Tex. Nov. 8, 2017) at *ECF 43 at 1–10.[3]

As part of his prior habeas proceeding, Plaintiff alleged that Health and Safety Code section 841.085 was unconstitutional on its face because it was unconstitutionally vague. *Id*. at ECF 43 at 4. Specifically, the district judge found that the provision of Plaintiff's civil commitment order requiring participation and compliance with specific courses of treatment was unconstitutionally vague, and Plaintiff's convictions for violating these provisions were overturned. *Id*. at ECF 43 at 4–9. The Texas Health and Safety Code was subsequently amended following Plaintiff's original convictions to address vagueness issues. *Id*. at ECF 43 at 8–9; *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.082(a)(3), 841.085 (West 2017). Plaintiff's other challenges to his convictions were

---

significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

[3] The facts referenced in these Findings, Conclusions and Recommendation concerning Plaintiff's 2014 habeas case, 4:14-CV-792-Y, reference electronic court filing (ECF) docket entry numbers–including the district court's memorandum opinion granting, in part, and denying, in part, the habeas petition, and Plaintiff's appeal of that decision. The ECF numbers cited after reference to that case number are docket entry numbers as listed in that case, not the present case.

denied. *See id.* at ECF 43 at 9–10 ("Therefore, the convictions and sentences for the offenses resulting from a violation of § 841.082(a)(4) are VACATED. In all other respects, the petition for writ of habeas corpus is DENIED."). Plaintiff's subsequent appeal to the Fifth Circuit Court of Appeals was likewise denied. *See id.* at \*ECF 50 at 1.

Plaintiff in the present lawsuit renews his claims that Texas Health and Safety Code section 841.085 is unconstitutionally vague and his incarceration under this statute is impermissible. (*See* ECF 15 at 1–12). Plaintiff seeks declaratory and injunctive relief. (*See id.* at 10–11). Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. (*See id*. at 1; ECF 3 at 1–2). Although Plaintiff articulates additional legal reasoning for why the statute is impermissible, he challenges the same civil commitment order, and the same convictions as previously challenged in his prior lawsuit, as well as seeking a declaratory judgment concerning the statute. (*See id*. at 10–11).

*Applicable Law*

Although Plaintiff now seeks a different form of relief from his original habeas petition (declaratory and injunctive relief), the effect of such relief would be the same (release from custody), and his alleged constitutional violations are the same as in his original habeas suit. Fifth Circuit precedent is clear that "[t]he substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform [the *res judicata*] inquiry." *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co*., 20 F.3d 663, 665 (5th Cir. 1994). Rather, "courts use a transactional test to determine whether two claims involve the same cause of action under which the critical question is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005) (citation and quotation marks omitted); *N .Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000). "If the factual scenario of the two actions

parallel, the same cause of action is involved in both." *Agrilectric Power*, 20 F.3d at 665.

Plaintiff now sues the State of Texas and Ken Paxton, the Texas Attorney General charged with enforcement of the Texas Health and Safety Code, rather than the Director of TDCJ from his previous lawsuit. (*See* ECF 15). Thus, the relief requested is different, and the parties also differ. The initial question is whether Plaintiff's claims are cognizable under Section 1983. "A section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures." *Cook v. Texas Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)(citing *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981)). "On the other hand, the writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement." *Cook*, 37 F.3d at 168 (citing *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)). "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook*, 37 F.3d at 168 (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). Plaintiff seeks declaratory and injunctive relief, in essence to declare the statute unconstitutional and secure his release from custody. (*See* ECF 15 at 10–11). Thus, these claims were available for Plaintiff to bring in 2014 in his habeas petition, Plaintiff should have brought all claims as part of that petition, and the respondent/defendant would still be Plaintiff's current custodian.

The doctrine of *res judicata* would bar a new suit if a final judgment on the merits issued resolving the same issues involving the same parties as in a previous suit. *See Commercial Box & Lumber Co. v. Uniroyal, Inc.*, 623 F .2d 371, 373 (5th Cir. 1980) ("The federal law of *res judicata* … establishes that a judgment in a prior suit bars a subsequent cause of action between the same parties not only as to all matters litigated in the first suit but also as to all issues that *could* have

4

been litigated regarding the same cause of action."); *see also, e.g., Walgreen Co. v. La. Dep't of Health & Hosps.*, 220 Fed. Appx 309, 311–312 (5th Cir. 2007). Therefore, even if this Court were to construe Plaintiff's claims as habeas claims, these claims are barred, both as successive habeas relief and as barred by *res judicata*.

Additionally, Plaintiff's vagueness challenges were available and known at the time of his original conviction in 2011. No statute of limitations is set forth under Section 1983. However, the United States Supreme Court has held that the statute of limitations for a civil rights action is to be determined by reference to the prescriptive period for personal injury actions in the forum state. *Hardin v. Straub*, 490 U.S. 536 (1989); *Owens v. Okure*, 488 U.S. 235 (1989). In Texas, the prescriptive period for such claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2011). As Plaintiff was clearly not prevented from filing suit in 2014, he has no grounds here to argue that he was prevented from bringing these claims within the statute of limitations nor any grounds for tolling of this time period. Thus, his claims are likewise barred as untimely.

Finally, the undersigned finds that even in the event that Plaintiff's claims are neither time barred nor barred as previously decided on the merits, his claims are still without merit. The United States Supreme Court "has repeatedly upheld civil commitment programs and laws regarding sexually violent predators that are similar to Texas's laws and programs" and "Texas courts have also upheld provisions for civil commitment of sexually violent predators and implementation of the provisions…" *See United States v. Comstock*, 560 U.S. 126 (2010); *Kansas v. Crane*, 534 U.S. 407 (2002); *Seling v. Young*, 531 U.S. 250, 262, 267 (2001); *Kansas v. Hendricks*, 521 U.S. 346 (1997); *In re Commitment of Fisher*, 164 S.W.3d 637 (Tex. 2005); *Beasley v. Molett*, 95 S.W.3d 590, 607–08 (Tex. App. – Beaumont 2002, *pet. ref'd*)). The Fort Worth court previously reviewed the specific indictment allegations regarding Plaintiff's violation of his civil commitment order,

5

and determined that the conditions involved with Plaintiff's three remaining convictions and the conditions Plaintiff may face upon release are not unconstitutionally vague. *See Russell v. Stephens, Director TDCJ-CID*, No. 4:14-CV-792-Y (N.D. Tex. Nov. 8, 2017) at *ECF 43 at 1–10. The undersigned agrees with that reasoning. Thus, Plaintiff's claims also fail on the merits.

Plaintiff's lawsuit should be DISMISSED. For the same reasons, Plaintiff's Motion for Summary Judgment is also without merit and should be DENIED.

### III.     RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the Chief District Judge that the Complaint filed by Plaintiff be DISMISSED and his Motion for Summary Judgment DENIED.

### IV.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

July 12, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth**

**(14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).